United States District Court
Southern District of Texas
**ENTERED**
August 21, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMADOU WANE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | MISCELLANEOUS ACTION NO. 4:20-MC-2402 |
| | § | |
| SOKONA DIALLO, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court in this miscellaneous action is a motion to compel compliance with a subpoena served on a non-party, The Southmore Apartments ("Southmore"), which is located in Houston (Dkt. 1). This Court lacks jurisdiction over the motion. The motion (Dkt. 1) is **DENIED** without prejudice to its being refiled in the United States District Court for the Middle District of Florida.

The movant, Amadou Wane ("Wane"), filed the underlying lawsuit in the Tampa Division of the Middle District of Florida, where it was assigned case number 8:20-CV-171. Documents filed in the underlying lawsuit indicate that Wane has served a subpoena on Southmore that demands the production of rental records for one of the Southmore's apartments for the period "from 2019 to present[.]" *See* Middle District of Florida case number 8:20-CV-171 at docket entry 50-1. The subpoena demands compliance at Wane's address in Tampa, Florida. *See* Middle District of Florida case number 8:20-CV-171 at docket entry 50-1, page 2. Counsel for Southmore sent Wane a letter refusing to comply with the subpoena because "Southmore and the requested documentation are not within

one hundred (100) miles of the place of compliance." *See* Middle District of Florida case number 8:20-CV-171 at docket entry 50-1, page 1. Wane opened this miscellaneous action and filed this motion, which seeks either enforcement of the subpoena or a transfer of the motion to the Middle District of Florida.

Under Federal Rule of Civil Procedure 45, "a subpoena must be issued by the court where the underlying action is pending, but challenges to the subpoena are to be heard by the district court encompassing the place where compliance with the subpoena is required." *Woods ex rel. U.S. v. SouthernCare, Inc.*, 303 F.R.D. 405, 406 (N.D. Ala. 2014). "Most courts look to the subpoena to determine where compliance is required." *Ellis v. Arrowood Indemnity Company*, No. 2:14-MC-146, 2014 WL 4365273, at *3 (S.D.W.Va. Sept. 2, 2014); *see also U.S. Risk Insurance Group, Inc. v. United States Risk Management, L.L.C.*, No. 3:11-CV-2843, 2014 WL 4055372, at *1 (N.D. Tex. Aug. 15, 2014) ("[T]he district court for the Northern District of Texas is the . . . proper court in which to seek relief because [the] subpoena, by its terms, required compliance in Dallas, Texas."). A district that is neither the issuing court nor the compliance court for a subpoena has no power to adjudicate motions related to that subpoena, even if that motion simply requests a transfer to another district. *SynQor, Inc. v. Vicor Corp.*, No. 3:14-MC-79, 2014 WL 2519242, at *1–3 (N.D. Tex. June 3, 2014); *see also Shaw Group, Inc. v. Zurich American Insurance Company*, Civil Action No. 12-257, 2014 WL 204244, at *2 (M.D. La. Jan. 17, 2014) ("[B]ecause the place of compliance for the subpoenas at issue is not in the Middle District of Louisiana, this Court cannot compel compliance with such subpoena or otherwise provide the relief requested by Zurich.").

Here, the Middle District of Florida is both the issuing court and the compliance court. Accordingly, this Court lacks jurisdiction to resolve this motion and **DENIES** the motion without prejudice to its being refiled in the United States District Court for the Middle District of Florida. *SynQor*, 2014 WL 2519242 at *1–3.

SIGNED at Houston, Texas, this 21st day of August, 2020.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE